IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| ORGUNA SANDERS, ) | |
| ) | |
| Plaintiff ) | 1:22-CV-00355-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| K.M. MULLANEY, ERIE POLICE DEPT ) | |
| PTLM, et al., ) | MEMORANDUM OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| ) | |
| Defendants ) | |
| ) | RE: ECF Nos. 135, 141 |
| ) | |

Plaintiff Orguna Sanders ("Sanders"), an inmate at the Pennsylvania State Correctional Institution at Pine Grove, initiated this *pro se* action against several judicial officers, municipal government officials, and members of law enforcement. Sanders' false arrest, false imprisonment, and malicious prosecution claims against Defendant K.M. Mullaney ("Mullaney") are the only claims to have survived prior motions to dismiss.[1] Discovery is concluded, and Mullaney and Sanders have cross moved for summary judgment. For the reasons discussed herein, Sanders' motion will be DENIED and Mullaney's motion will be GRANTED.[2]

I.  Material Facts[3]

At 9:26 a.m. on October 8, 2021, the Northern Tier Regional Computer Aided Dispatch (CAD) received a call reporting that Sanders was present outside East Middle School in Erie,

---

[1] The Court previously dismissed the claims against Defendants Magisterial District Judge Suzanne C. Mack, the City of Erie, Mayor Joseph Schember, Police Chief Daniel Spizarny, Assistant District Attorney Jeremy C. Lightner, and Assistant District Attorney Nicholas A. Maskery.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636.

[3] The material facts are taken from the parties' concise statements of materials facts, *see* ECF No. 137 (Sanders); ECF No. 140 (Mullaney), the exhibits submitted by each, and state court dockets and records concerning which the Court takes judicial notice. Disputed facts are noted.

Pennsylvania, and had threatened to kill 13-year-old SC because she had testified against him in a prior case.[4] Mullaney, a patrolman employed by the City of Erie Police Department, responded to the call. Upon arrival at East Middle School, Mullaney spoke with SC and her mother. SC reported that she had been walking to school in the 600 block of Pennsylvania Avenue when Sanders, who SC knew from prior incidents and family relationships, threatened her by saying, "when I see you alone, you are dead."[5] This reported threat prompted Mullaney to file a Criminal Complaint against Sanders on October 8, 2021, charging him with one count of Misdemeanor 1 Terroristic Threats under 18 Pa.C.S. § 2706(a)(1) and one count of Misdemeanor 3 Disorderly Conduct under 18 Pa.C.S. § 5503(a)(4). ECF 140, ¶ 3. In the criminal complaint, Officer Mullaney attested that, "on 10/8/2021 at approx. 0830 hours in the area of the 600 block of Pennsylvania Avenue [Sanders] did knowingly threaten the victim with bodily harm. [Sanders] knows the victim from previous criminal case(s) with EPD." ECF Nos. 140, ¶ 5; 140-4. Mullaney did not arrest Sanders or seek a warrant for his immediate arrest. Instead, he issued a criminal summons/notice to appear before a magisterial district judge for a preliminary hearing on the criminal charges. ECF 140, ¶ 4.

The magisterial district judge conducted a preliminary hearing on the charges on December 13, 2021. SC was the only witness to testify at the preliminary hearing. *Id.*, ¶¶ 6-8; ECF No. 140-5. She testified that Sanders was parked in a driveway of a house next to Wayne Park by the middle school, made eye contact with her, and then threatened to kill her. At the conclusion of the preliminary hearing, the judge found that the Commonwealth had met its burden

---

[4] Although Sanders disputes that SC personally called the police to report the incident, *see* ECF No. 148, ¶ 1, he does not dispute that someone reported the incident to the dispatch center.

[5] Sanders also denies these factual assertions by Mullaney *see* ECF No. 148, ¶ 2; however, he cites no evidentiary materials in support of his denial. More importantly, Sanders' denial is to the accuracy of the information SC reported to Mullaney, not to the fact of the report itself.

*prima facie* case as to each charge, and she bound over both charges for trial. ECF Nos. 140, ¶ 8; 140-5, p. 12. The case proceeded to trial on April 11, 2023, and a jury acquitted Sanders on both charges. ECF No. 43-2, pp. 12-14.

II.   Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Brenner v. Loc. 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record in a light most favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond its pleadings with affidavits, depositions, answers to interrogatories, or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary

judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ...." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted).

III. Discussion

> Sanders' false arrest, false imprisonment, and malicious prosecution claims fail because Mullaney had probable cause to initiate the charges against him.

"To bring a claim for false arrest, a plaintiff must establish '(1) that there was an arrest; and (2) that the arrest was made without probable cause.'"[6] *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). Similarly, to state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful. *James*, 700 F.3d at 682 (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, "[f]alse arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard*, 973 F.3d at 199 (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). "To prevail on a malicious prosecution claim, a plaintiff must demonstrate that: '(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a

---

[6] Mullaney did not arrest Sanders or seek a warrant for his arrest when he swore out the Criminal Complaint against him. Instead, he issued a summons for Sanders' appearance before a judicial officer to determine whether probable cause supported the charges. Sanders' false arrest claim therefore fails based on the absence of factual support for this threshold element of the claim.

4

consequence of a legal proceeding.'" *Id.*, 973 F.3d at 206 (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Thus, the absence of probable cause is an essential element of each of the foregoing claims. *Pinkney v. Meadville, Pennsylvania*, 648 F. Supp. 3d 615, 633–34 (W.D. Pa. 2023), *aff'd*, 95 F.4th 743 (3d Cir. 2024). But, in contrast to false arrest and false imprisonment claims, the existence of probable cause to support one charge, does not automatically defeat a Fourth Amendment malicious prosecution claim alleging the lack of probable cause for another charge. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, (2024); *see also Johnson v. Knorr*, 477 F.3d 75, 83 (3d Cir. 2007) (holding that a finding of "probable cause for the arrest of the plaintiff on any one charge" will not necessarily "insulate" a law enforcement officer from liability for malicious prosecution).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Dempsey*, 834 F.3d at 467 (citation omitted). Probable cause is assessed based upon the "totality-of-the-circumstances" available to the arresting officer. *Harvard*, 973 F.3d at 200 (citing *Dempsey*, 834 F.3d at 467-68). Because the totality-of-the-circumstances inquiry is "necessarily fact-intensive," whether probable cause existed is typically a question for the jury. *Id.* (citing *Dempsey*, 834 F.3d at 468; *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 788 (3rd Cir. 2000)) ("Generally, the question of probable cause in a section 1983 damage suit is one for the jury.") (internal quotation marks and citation omitted). "Nevertheless, summary judgment may be granted on the question of probable cause if a court concludes that 'the evidence, viewed most favorably to [the nonmoving party], reasonably would not support a contrary factual finding.'" *Dempsey*, 834 F.3d at 468 (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

The record before the Court establishes that Mullaney had probable cause to initiate criminal proceedings on both charges against Sanders. *See Harvard*, 973 F.3d at 200 (noting that the analysis of probable cause is to be undertaken on a crime-by-crime basis). Under Pennsylvania law, a person commits the offense of "terroristic threats with the intent to terrorize another ... if the person communicates either directly or indirectly, the threat to (a) commit any crime of violence with the intent to terrorize another ..." 18 Pa. Cons. Stat. Ann. § 2706(a)(1). "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance, or alarm, or recklessly created a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 42 Pa. Cons. Stat. Ann. § 5503.

The initial complaint to police dispatch on the morning of October 8, 2021, specifically identified Sanders as having threatened to kill SC while she was outside her school. After being assigned to investigate the incident, Mullaney spoke directly with SC and her mother, who confirmed the substance of the report, including SC's specific identification of Sanders as the person who threatened her. Mullaney memorialized SC's statements in the narrative section of his police report. *See* ECF No. 140-3, p. 3 ("[SC] was walking to school in the 600 block of Pennsylvania Avenue when the actor, known to her from prior EPD incidents and prior family relationships threatened her with physical harm. [SC] knows the actor by name and identified him as Orguna Sanders."). An eyewitness's positive identification of a suspect is generally sufficient to establish probable cause. *See Wilson v. Russo*, 212 F.3d 781, 793, 795 (3d Cir. 2000) (where victim "positively and without hesitation" identified person "as her assailant" the identification alone supported probable cause to arrest); *Sutton v. Metro. Gov't of Nashville & Davidson Cty.*,

6

700 F.3d 865, 874 (6th Cir. 2012); *Hargroves v. City of New York*, 411 Fed. Appx. 378, 383 (2d Cir. 2011) ("Ordinarily, the identification, by an eyewitness, of a suspect will likely be sufficient to establish probable cause for an arrest."). Police officers can "generally assume that victims are credible, because their motive is ostensibly concern for their or others' safety" and because "victims are presumed to have sufficient knowledge, given that the crime happened to them." *Collick v. William Paterson Univ.*, 2021 WL 2374388, at *7 (D. N.J. June 10, 2021) (citing *Easton v. City of Boulder*, 776 F.2d 1441, 1449-50 (10th Cir. 1985)). Because the standard for probable cause is relatively low, and the evaluation of a victim's statement is typically addressed in proceedings following an arrest, the reliability and foundational basis of a victim's statement are usually adequate to establish probable cause. *See Wilson*, 212 F.3d at 793- 95 (Garth, J., concurring). At the preliminary hearing before the magisterial district judge, SC related the same information she had communicated to Mullaney, and the magisterial district judge independently found that the Commonwealth had established probable cause to support both charges against Sanders. *See* ECF No. 140-5, pp. 2–14.

The threat SC attributed to Sanders—to kill her—was a threat to commit a crime of violence and supported an inference that he intended to terrorize her within the meaning of 18 Pa. Cons. Stat. Ann. § 2706(a)(1). As such the information related by SC to Mullaney supported probable cause to charge Sanders with terroristic threats under that criminal statute. Similarly, Sanders' conduct, as related by SC, represented "threatening" conduct within the meaning of 42 Pa. Cons. Stat. Ann. § 5503. As such, it supported probable cause to charge Sanders with disorderly conduct.

Sanders contends that Mullaney's Criminal Complaint against him was "illegal" because it did not include an affidavit of probable cause. *See* ECF No. 136, *generally*. Rule 504 of the

7

Pennsylvania Rules of Criminal Procedure outlines the requirements for a criminal complaint.[7] Rule 504 does not require an affidavit of probable cause for a valid criminal complaint. Rather, it requires "a verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities" and "the signature of the affiant and the date of the execution of the complaint." 234 Pa. Code Rule 504 (11), (13). Mullaney's criminal complaint against Sanders satisfied both requirements as well as the other requirements of Rule 504. *See* ECF No. 140-4. An affidavit of probable cause is required only when the charging officer also requests an arrest warrant. *See* 234 Pa. Code Rule 513; ECF No. 140-4, p. 4. Mullaney elected not to request a warrant for Sanders' immediate arrest. Instead, he issued a summons for Sanders to appear for a preliminary hearing on the charges, at which the magisterial district judge determined that probable cause supported the charges.[8]

---

[7] Every complaint shall contain: (1) the name of the affiant; (2) the name and address of the defendant, or if unknown, a description of the defendant as nearly as may be; (3) a direct accusation to the best of the affiant's knowledge, or information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania; (4) the date when the offense is alleged to have been committed, with provisions for unknown or continuing offenses; (5) the place where the offense is alleged to have been committed; (6) in a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, or, in a summary case, a citation of the specific statute allegedly violated along with a summary of the facts; (7) a statement that the acts of the defendant were against the peace and dignity of the Commonwealth or in violation of an ordinance; (8) a notation if criminal laboratory services are requested; (9) a notation that the defendant has or has not been fingerprinted; (10) a request for the issuance of a warrant or summons, unless an arrest has already been made; (11) a verification by the affiant that the facts are true to their personal knowledge or belief, subject to penalties for unsworn falsification (18 Pa.C.S. § 4904); (12) a certification that the complaint complies with the Case Records Public Access Policy regarding confidential information; and (13) the signature of the affiant and the date of execution. Pa. R. Crim. P. 504.

[8] Even if Mullaney had failed to comply with a procedural requirement of state law, this would not have negated the existence of probable cause for the charges against him because a deviation from state law alone is not a constitutional violation. *See Tramaglini v. Martin*, 2019 WL 4254467, at *3 (D.N.J. Sept. 9, 2019) (noting that courts should not conflate "a state law violation with a federal constitutional violation").

No genuine issue exists regarding the facts demonstrating that probable cause supported Mullaney's filing of charges of terroristic threats and disorderly conduct against Sanders. Mullaney is therefore entitled to judgment as a matter of law on Sanders' claims against him.[9]

IV.     Conclusion

For the foregoing reasons, Mullaney's motion for summary judgment will be GRANTED, and Sanders' motion for summary judgment will be DENIED. An Order of judgment will issue separately.

DATED this 22nd day of December 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[9] Qualified immunity also entitles Mullaney to judgment as a matter of law in this case. Qualified immunity shields government officials performing discretionary acts from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, the undisputed facts do not support that Mullaney violated Sanders' constitutional rights. Therefore, the Court need not assess the "clearly established" prong of the qualified immunity analysis. *See El v. City of Pittsburgh*, 975 F.3d 327, 336 n.5 (3d Cir. 2020) ("Having concluded there was no constitutional violation, we do not assess the other step of the qualified immunity analysis: 'whether the right was clearly established.'") (citation omitted). Furthermore, "a police officer is entitled to qualified immunity unless it would have been clear to a reasonable officer there was no probable cause to arrest." *Gilles v. Davis*, 427 F.3d 197, 205 (3d Cir. 2005) (citing *Paff v. Kaltenbach*, 204 F.3d 425, 437 (3d Cir.2000); *Kijonka v. Seitzinger*, 363 F.3d 645, 648 (7th Cir.2004) ("whether there was any reasonable basis to suppose there was probable cause ... is the test for qualified immunity")). The undisputed facts of this case fully support the reasonableness of Mullaney's conclusion that probable cause existed for charging Sanders.